UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Afshin Bahrampour, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No.  20-800 (UNA) |
| | ) |
| United States Senators *et al.*, | ) |
| | ) |
| Defendants. | ) |

FILED
04/22/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## **MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on review of the complaint and plaintiff's application for leave to proceed *in forma pauperis*.  The Court will grant the *in forma pauperis* application and dismiss the complaint pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint is frivolous or fails to state a claim upon which relief may be granted ).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiff is a Nevada state prisoner incarcerated in Las Vegas, Nevada.  He has sued both chambers of the United States Congress, President Donald Trump, and former Presidents Jimmy Carter, Bill Clinton, and George W. Bush, purportedly under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff is a Muslim.  He alleges that Public Law 95-341, codified at 42 U.S.C. § 1996, violates the establishment clause of the First Amendment because it "protect[s] Native American 'Traditional Religions'" to the "exclusion of other religions like Islam." Compl. ¶ IV.  Other than President Carter, who signed the bill into law in 1978, plaintiff alleges no facts involving the

remaining defendants.  Plaintiff is "seeking compensatory damages" and an order striking the law as unconstitutional.  *Id*. ¶ VI.   But *Bivens* creates "an implied private action for damages" only, *Iqbal*, 556 U.S. at 675 (internal quotation marks and citation omitted), in a dwindling set of circumstances.  *See Loumiet v. United States*, 948 F.3d 376, 381 (D.C. Cir. 2020) (noting that "in the decades since *Bivens* was decided, the Court has grown wary of creating implied damages actions in other contexts") (examining cases).

Regardless, an "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted."  *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981).  The allegations against the United States Congress are quintessentially "lawmaking activities" that are fully protected by the Constitution's Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1.  *Chastain v. Sundquist*, 833 F.2d 311, 313 (D.C. Cir. 1987); *see id*. at 314 ("actions taken in committee hearings, proceedings, and reports, or by vote . . . fall within the constitutional zone of protection") (citations omitted)).  In addition, current and former Presidents of the United States are "entitled to absolute immunity from damages liability predicated [as here] on their official acts."  *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982).  Accordingly, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

                                                                                                                                      s/
                                                          AMY BERMAN JACKSON
Date: April 21, 2020                                        United States District Judge